```
              UNITED STATES DISTRICT COURT
               DISTRICT OF SOUTH CAROLINA
```

| | |
|---|---|
| Rodrick Damon Drayton, | ) C/A 2:08-3779-MBS-RSC |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) *Report and Recommendation* |
| | ) |
| Charleston Police Department, | ) |
| | ) |
| Defendant. | ) |

### *Background of this Case*

The plaintiff is a resident of Charleston, South Carolina. He has brought suit against the Charleston Police Department (C.P.D.) alleging a civil rights violation.

The STATEMENT OF CLAIM portion of the complaint is very brief. The plaintiff alleges: "ON NOVEMBER 22, 2005 THE CHARLESTON POLICE DEPARTMENT TOOK MY DVD AND GAVE IT TO LOCAL MEDIA FOR BROADCASTING. ON OCT. 5, 2005 THE C.P.D. GAVE MY DVD TO LOCAL MEDIA FOR BROADCASTING." (Complaint [Entry No. 1], at page 3). In his prayer for relief, the plaintiff appears to be seeking criminal charges against C.P.D.: "I WANT THE COURT TO PUNISH C.P.D. FOR THIS CIVIL RIGHTS VIOLATION TO THE FULL EXSTENT (sic) OF THE LAW." (Complaint [Entry No. 1], at page 5).

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings and the Form AO 240 (motion to proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915. The review[1] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, ___ U.S. ___, 75

---

[1]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

U.S.L.W. 3643, 167 L.Ed.2d 1081, 127 S.Ct. 2197 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition or complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's or petitioner's legal arguments for him or her, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C.

§ 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (*citing Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 327, 337 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352.

"[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc.,*

191 F.3d at 399 (*citing* 2 *Moore's Federal Practice* § 8.03[3] (3rd edition 1997)).

Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.*

In this civil action, the plaintiff cannot obtain federal criminal charges against the defendant police department. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)(a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person); *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (*applying Linda R.S. v. Richard D.* and collecting cases); *Doyle v. Oklahoma State Bar Ass'n*, 998 F.2d 1559, 1566-67 (10th Cir. 1993); *Lane v. Correll*, 434 F.2d 598, 600 (5th Cir. 1970); *Nader v. Saxbe*, 162 U.S.App.D.C. 89, 497 F.2d 676, 679 nn. 18-19, 681 n. 27 (D.C. Cir. 1974)(n. 27: "Thus her [Linda R.S.'s] complaint in effect sought a judicial order compelling prosecution of a particular individual, a practice shunned by American courts."); and *United States v. Passman*, 465 F. Supp. 736, 741 & n. 13 (W.D. La. 1979)("the defendant lacks standing to challenge the failure of the government to instigate

criminal proceedings against another person."). *See also Collins v. Palczewski*, 841 F. Supp. 333, 340 (D. Nev. 1993)("Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions.'").

The plaintiff may be complaining that his material was used in violation of copyright, though he does not state this. However, federal criminal charges for copyright violations can only be brought by the United States. *See, e.g., United States v. Dove*, ___ F. Supp. 2d ___, 2008 WL 4829881 (W.D. Va., Nov. 7, 2008) (defendant found guilty of criminal copyright infringement and conspiracy to commit criminal copyright infringement arising from his involvement in an Internet piracy organization; defendant sentenced to eighteen months in prison on each count).

### *Recommendation*

Accordingly, it is recommended that the District Court summarily dismiss the above-captioned case *without prejudice* and without issuance and service of process for lack of subject matter jurisdiction. *See In Re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997) (pleadings by prisoners *and* non-prisoners should also be screened); and *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-364 (2nd Cir. 2000) ("District courts . . . are . . . capable of determining when an action is frivolous. Indeed, as courts of first instance, district courts are especially likely to be exposed to frivolous

actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources."). The plaintiff's attention is directed to the important Notice on the next page.

November \_\_, 2008
Charleston, South Carolina

Robert S. Carr
United States Magistrate Judge

## Notice of Right to File Objections to Report and Recommendation

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).